# IN THE COURT OF APPEALS OF IOWA

No. 24-0708
Filed August 6, 2025

**TAEVON WASHINGTON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Melissa Anderson-Seeber, Judge.

An applicant appeals the denial of postconviction relief from his two convictions for third-degree sexual abuse. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ. Buller, J., takes no part.

**LANGHOLZ, Judge.**

Taevon Washington sexually assaulted two teenagers during a party. As a result, he was convicted of two counts of third-degree sexual abuse. And we affirmed his conviction on direct appeal—rejecting his argument that he received ineffective assistance of counsel at trial because his attorneys failed to challenge the incapacity element of third-degree sexual assault. *See State v. Washington*, No. 18-2092, 2021 WL 815865, at *1–2 (Iowa Ct. App. Mar. 3, 2021). Washington then applied for postconviction relief. Among other claims that he does not appeal, he raised the same ineffective-assistance-of-counsel claim again and an actual-innocence claim. After a two-hour bench trial, the district court denied all his claims. In a detailed and thoughtful opinion, the court reasoned that his ineffective-assistance-of-counsel claim had already been decided by our court and that he failed to prove his actual innocence.

Washington renews both claims on appeal. But on our de novo review, we agree with the district court. Washington cannot relitigate the same ineffective-assistance-of-counsel claim that we already considered and rejected on his direct appeal. *See* Iowa Code § 822.8 (2022). And to the extent he now tries to raise a new claim that his counsel was ineffective for failing to object to some of the evidence supporting that element, we cannot consider it because it is neither adequately briefed nor preserved for our review since it was not raised to or decided by the district court. *See* Iowa R. App. P. 6.903(2)(a)(8)(3); *Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). As for Washington's actual-innocence claim, his PCR-trial testimony and arguments for reweighing the original trial evidence do not satisfy his "demanding" burden to show that "no reasonable fact

finder could convict" him "in light of all the evidence." *Schmidt v. State*, 909 N.W.2d 778, 793, 797 (Iowa 2018). Because a full opinion would neither give the parties better reasoning than they have already received from the district court nor advance development of the law, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**